## SUCCESSION OF ARGOTE Y VILLALOBOS.

An act of pledge, *sous seing privé*, to have effect against third persons. must be recorded in the office cf a notary. C. C. 3125. A registry in the office of conveyances is insufficient to give it any effect against third persons.

Where an act of transfer of the rights of an heir in a succession recites a previous pledge of the hereditary rights to a third person, the transferee cannot oppose her act of transfer to the claim of the pledgee, though the act of pledge had not been recorded in the office of a notary, but a subsequent acquisition by her of the rights of the heir, by a title superior to that of the first transfer, or to any claim that could be set up by the pledgee, will be valid.

APPEAL from the Second District Court of New Orleans, *Canon,* J. *T. H. Lewis* and *Bermudez,* for the appellant. *Gedge,* contrâ. The judgment of the court was pronounced by ,

KING. J. *Evariste Marin* filed an account of his administration as curator of *Argote y Villalobos,* on which he placed himself as the assignee of *Joseph Vargas,* one of the heirs, for $800, to be first paid out of the funds falling to the share of that heir. *Gaston Bruslé* and Madame *Wiotte,* opposed the account, claiming to be themselves the owners of the entire share of *Vargas,* and praying that the amount of the inheritance devolving upon him should be paid over to them. Several other oppositions were filed in the lower court, but the controversy, as presented to us, is confined to the respective rights of *Marin* and of these opponents, to the share of *Vargas.* The oppositions to the claim of *Marin* were sustained, and he has appealed.

It appears from the evidence that *Vargas* passed an act under private signature, in which he declared that, desiring to secure *Marin* against the consequences of two endorsements, he transferred to the latter all his rights in the succession of *Argote y Villalobos,* intending that *Marin* should retain in his hands the funds to be derived from that source, and pay himself, by preference over all other creditors of *Vargas,* for any disbursements made as the endorser of two notes, for $400 each. The act was recorded in the office of the register of conveyances. *Marin* took up the notes, some time after the 13th of May, 1847. Subsequently to the execution of this act, *Vargas* transferred to *Bruslé* and Madame *Wiotte* his rights in the succession of *Villalobos,* to the extent of $1,471 72. And still later, on the 2d November, 1846, he executed a third act, by which he transferred to Madame *Wiotte* his remaining rights in the succession of *Argote y Villalobos,* reserving the right of repurchase within a specified time. In this last act he recites the previous partial transfers of his hereditary rights, and, among them, that to *Marin,* and declares that they are not to be affected by this sale; and that, in the event of his inheritance being insufficient to satisfy the previous claims upon it, the vendee is not to be responsible for their payment.

On the 28th of September, 1846, *Murrell* issued an execution, under a judgment which he obtained against *Vargas* prior to the date of any of those transfers, in virtue of which he caused all the rights of *Vargas* in the succession to

SUCCESSSON OF be seized, without regard to the previous transfers.  At the sheriff's sale they
ARGOTE Y VIL- were adjudicated to *Parra*, who ceded them to Madame *Wiotte.*
    LALOBOS.
  It is clear that the contract between *Marian* and *Vargas* was not a sale but
a pledge, by which the former gave his rights in the succession to secure the
latter against the liability he had incurred as endorser.  The act was under
private signature, and could only produce effect against third persons by being
registered in the office of a notary public.  C. C. 3125.  That formality was
not observed.  The only registry of the act was in the office of conveyances,
which is not such a compliance with the law as to give it effect against third
persons.  *Murrell's* seizure covered all the interest of *Vargas* which had not
been previously alienated ; that interest passed by the sheriff's adjudication,
and is now owned by Madame *Wiotte.*  It is true that the latter acknowledged
the precedence of *Marin's* claim over her own in the second act from *Vargas*
to herself, and could not successfully oppose that act to *Marin's* claim ; but she
has since acquired the rights of *Vargas* by a title superior to the second trans-
fer made to her, and superior to any claim that can be asserted by *Marin.*  She
holds under *Parra*, who was not affected by the pledge, nor by the second
transfer to Madame *Wiotte*, which was made while the rights of *Vargas*
were under actual seizure at the suit of *Murrell.* .

                      *Judgment affirmed.*


## SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

Secs. 3, 5 of the stat. of 20 March, 1827, establishing an office for the registry of conveyances
 in New Orleans, relate to the registry of such acts of transfer as convey the title to pro-
 perty, and not to acts intended to secure an endorser against the consequences of his en-
 dorsement.
The recording of an act of mortgage or pledge in the office of the register of conveyances in
 the city of New Orleans, is not notice to third persons.  C. C. 3318, 3319, 3125.

O N an application for a re-hearing, *Lewis* and *Bermudez*, for the appellant,
  urged that the stat. of 20 March, 1827, ss. 3, 5, has modified the Civil
Code, so as to make the registry of acts such as that executed by *Vargas* in
the office of the register of conveyances in New Orleans, equivalent to their
registry in the office of a notary public.

  The opinion of the court, on this application, was pronounced by

  KING, J.  The 3d and 5th sections of the act of 1827 (B. & C. Dig. p.
603), relate to the registry of such acts of transfer as convey the title to pro-
perty, and not to acts like that under consideration, which was intended to
secure an endorser against the consequences of his endorsements.  If the act
between *Vargas* and *Marin* relate to real property, as is contended, it must
be considered to be a mortgage ; and if it relate to moveables, it is a pledge.  In
neither event was the registry in the office of conveyances, notice to third per-
sons.  C. C. 3318, 3319, 3125.  *Parra*, whose rights Madame *Wiotte* acquired,
had no notice of the act, either constructive or actual, as far as appears from
the record.                *Re-hearing refused.*